IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *Plaintiff,* § | |
| § | CIVIL ACTION NO.  06:11-CV-00005 |
| v. § | |
| § | |
| 1,136.526 ACRES OF LAND, § | |
| more or less, situated in GOLIAD § | |
| COUNTY, TEXAS; et al., § | |
| § | |
| *Defendants* § | |

**DEFENDANT GOLIAD COUNTY'S OBJECTIONS TO THE TAKING,
ORIGINAL ANSWER AND JURY DEMAND**

COMES NOW GOLIAD COUNTY, Defendant in the above entitled and numbered cause, and files this its Objections to the Taking, Original Answer, and Jury Demand in response to Plaintiff's Complaint in Condemnation and Declaration of Taking, and would show the Court as follows:

DEFENDANT'S OBJECTIONS AND DEFENSES

Pursuant to Fed. R. Civ. P. 171.1(e)(2), Defendant sets out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking, and would show as follows:

1. Plaintiff has not fully complied with the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C., §§4601, et seq.

2. Plaintiff has failed to offer just and adequate compensation for the property rights it seeks to acquire and has failed to make every reasonable effort to acquire the property by negotiation prior to condemnation.

3. Plaintiff has failed to meet all conditions precedent to the filing of a condemnation lawsuit.

4. Plaintiff has exceeded its condemnation powers by failing to abide by the procedures set forth in 10 U.S.C. §2663.

5. Plaintiff has exceeded its condemnation powers by proceeding pursuant to the Declaration of Taking Act ("DTA"), 40 U.S.C. §3114 (1931).

6. Plaintiff is estopped from acquiring the subject property by condemnation.

7. Plaintiff's attempted taking of Defendant's property is unconstitutional.

8. Plaintiff's attempted taking of Defendant's property is in violation of the due process clause of the United States Constitution.

9. Plaintiff has failed to state a claim upon which relief can be granted.

10. Allowing such condemnation for the reopening of a military base on the subject property would amount to an improper judicial review of the 1991 decision to close the military installation at this location. *Dalton v. Spector*, 511 U.S. 462 (1994).

11. Defendant reserves all rights it has under 28 USC, §2412, to recover attorneys fees incurred in this condemnation lawsuit. Also, see *USA v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983, *en banc*).

12. Defendant reserves the right to file additional objections and defenses if circumstances change, or any amendments to this action are filed by Plaintiff.

### RESPONSE TO COMPLAINT IN CONDEMNATION

1. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2. Defendant admits the allegations in paragraph 2, subject to objections and defenses herein.

3. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 3.

4. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 4.

5. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 5.

6. Defendant is without knowledge sufficient to form a belief as to the truth of allegations regarding public uses in Paragraph 6. Defendant specifically objects to, and reserves its right to contest, the stated estimated compensation.

7. Defendant admits it is the fee simple owner of the land affected by this condemnation lawsuit and asserts that there are no other owners.

8. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 8.

9. With regard to "Other Interested Parties," Defendant, Goliad County, asserts it is the fee simple owner of the property and there are no others with an interest in the property being taken.

## RESPONSE TO DECLARATION OF TAKING

1. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 2.

3. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 3.

4. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 4.

5. Defendant admits it is the fee simple owner of the land affected by this condemnation lawsuit and further asserts there are no others with an interest in the property.

6. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 6.

7. Defendant denies and reserves its right to contest the stated estimate of just compensation for the taking.

## **REQUEST FOR JURY**

Defendant requests a trial by jury pursuant to Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure to determine just compensation of the land being taken and the damages to the remainder property.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that:

1. Judgment be rendered denying Plaintiff the right to condemn Defendant's property;

2. Alternatively, if such condemnation is allowed, that Defendant's objections and defenses set out herein be considered;

3. Defendant be allowed recovery of attorneys' fees and other appropriate litigation expenses pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 USC §4654, and the Equal Access to Justice Act, 28 USC, §2412;

4. Defendant requests a trial by jury, pursuant to Rule 71.1(h)(1)(B) on the issue of just and adequate compensation; and

5. Defendant requests the Court grant Defendant such other and further relief to which it may be entitled.

Respectfully submitted,

**BARRON & ADLER, L.L.P**

By: /s/ *Kimberli Deagen Loessin*
Kimberli Deagen Loessin
Federal Admission No. 910690
Texas Bar No. 24004482
1421 Heights Boulevard
Houston, Texas 77008
713-525-1500
713-526-1550 Fax

Michael M. Barron
Texas Bar No. 01820500
Stephen I. Adler
Texas Bar No. 00927700
808 Nueces
Austin, Texas 78701
512-478-4995
512-478-6022 Fax

ATTORNEYS FOR THE DEFENDANT
GOLIAD COUNTY

## CERTIFICATE OF SERVICE

    I, Kimberli Deagen Loessin, hereby certify that on April 12, 2011, I sent a true and correct copy of the foregoing document to defendants in accordance with the Federal Rules of Civil Procedure.

    John A. Smith
    Assistant United States Attorney
    One Shoreline Plaza
    800 North Shoreline, Suite 500
    Corpus Christi, Texas 78401
    (361) 888-3234 *Facsimile*

                                     /s/ Kimberli Deagen Loessin
                                      Kimberli Deagen Loessin