IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO.  06:11-CV-00005** |
| v. | § | |
| | § | |
| 1,136.526 ACRES OF LAND, | § | |
| more or less, situated in GOLIAD | § | |
| COUNTY, TEXAS; et al., | § | |
| | § | |
| *Defendants* | § | |

**DEFENDANT GOLIAD COUNTY, TEXAS' UNOPPOSED
MOTION TO WITHDRAW FUNDS FROM REGISTRY OF THE COURT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Goliad County, Texas, Defendant in the above-referenced cause and files

this its Motion to Withdraw Funds from the Registry of the Court, and as reasons therefore,

would show the Court as follows:

1.      On February 11, 2011, Plaintiff, The United States of America, filed its

Complaint in Condemnation wherein it sought to condemn Defendant's property.  In addition to

its Complaint in Condemnation, Plaintiff proceeded pursuant to the Declaration of Takings Act,

40 U.S.C. §3114, by which Plaintiff sought immediate title and possession of Defendant's

property.

2.      Deposit of Estimated Compensation.  On February 11, 2011, Plaintiff deposited

into the registry of the Court the amount of TWO MILLION THREE HUNDRED SIXTY

THREE THOUSAND AND 00/100 ($2,363,000.00) as estimated just compensation due

Defendant.

3.      Withdrawals.  Defendant has not withdrawn any funds from the court registry.

- 1 -

4. <u>Settlement.</u>   On July 9, 2013, Plaintiff and Goliad County, Texas participated in mediation.  The parties reached an agreement in principle to settle all claims made the basis of this lawsuit for total just compensation of $3,625,000.00.   On July 10, 2013, a Notice of Settlement was filed herein. (Docket No. 53).  The agreement is under review by officials at the Department of Justice and the parties are finalizing an agreed final judgment to be submitted to the Court for entry.

5. <u>Additional Deposit.</u>  Assuming the agreement receives final approval, , the United States will deposit an additional ONE MILLION TWO HUNDRED SIXTY TWO THOUSAND AND 00/100 ($1,262,000.00 ).  Defendant will move to withdraw those additional funds by separate motion.

6. <u>Request for Disbursement.</u>   Defendant requests an Order directing disbursement of the total sum on deposit at this time:  TWO MILLION THREE HUNDRED SIXTY THREE THOUSAND AND 00/100 ($2,363,000.00), plus all interest that has accrued on that amount.

7. <u>Plaintiff's Position with regard to withdrawal of funds by Defendant</u>.  Defendant has conferred with Plaintiff regarding its position on the withdrawal of funds and Plaintiff has stated its position as:  The United States does not object to the orderly and prompt withdrawal and distribution of the funds deposited with the registry of the court to the person or persons entitled thereto, and it takes no position as to who is entitled to distribution of the deposited funds.  The United States has no interest in the division of the deposit among various claimants, and its role in the distribution of funds is limited to assisting or serving as amicus to the court in the determination of potential interested parties.  *See United States v. Dunnington*, 146 U.S. 338, 353 (1892); *United States v. 8.0 Acres of Land*, 197 F.3d 24, 29 (1st Cir. 1999).  The division of the deposit is an issue

among the claimants and each claimant bears the burden of establishing his right to the property in question.  *See United States v. 9.41 Acres in Sebastian County*, 725 F. Supp. 421, 425 (W.D. Ark. 1989).  While federal law controls as to what constitutes just compensation, *see United States v. Miller*, 317 U.S. 369, 380 (1943), and on procedural questions, Fed. R. Civ. P. 71.1 (formerly Rule 71A), the courts will normally look to the law of the state where the property is located in order to ascertain the relative rights of interest holders.  *See Scully v. United States*, 409 F.2d 1061, 1064 (10th Cir. 1969).  State law also controls in determining which claimants, such as the local taxing authority and any lienholders, have priority in distribution.  Here, while the United States does not take a position on the distribution of funds, it appears to the United States that movant's representations in its Motion correspond with the final title policy the United States has received for the subject property.  The United States requests that upon disbursement, this court's Order (1) make the movant liable for any valid claims by other interested parties if it is ultimately determined that the movant is entitled to less than the amount disbursed, and it so require the movant to return the difference to the Court with interest; (2) order the movant to pay and discharge all taxes, assessments, liens and encumbrances against the property on the date of taking; and (3) hold the United States harmless from the claims of any and all parties having liens or encumbrances and any other parties who may be entitled to such compensation or any part thereof by virtue of any recorded or unrecorded agreement.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, the Clerk of this Court be ordered to pay the sum of TWO MILLION THREE HUNDRED SIXTY THREE

THOUSAND AND 00/100 ($2,363,000.00) plus accrued interest, if any, on the deposit to **Barron & Adler, LLP, as Trustee for Goliad County, Texas**, at 1421 Heights Blvd., Houston, Texas 77008 and for such other and further relief to which said Defendant may be justly entitled.

Respectfully submitted,

**BARRON & ADLER, L.L.P**

By:   /s/ *Kimberli Deagen Loessin*

Kimberli Deagen Loessin
*Attorney in Charge*
Federal Admission No. 910690
Texas Bar No. 24004482
1421 Heights Boulevard
Houston, Texas 77008
713-525-1500
713-526-1550 Fax

Michael M. Barron
Federal Admission No. 1151319
Texas Bar No. 01820500
808 Nueces
Austin, Texas 78701
512-478-4995
512-478-6022 Fax

ATTORNEYS FOR THE DEFENDANT
GOLIAD COUNTY, TEXAS

## CERTIFICATE OF CONFERENCE

I, Kimberli Deagen Loessin, counsel for Defendant, Goliad County, Texas hereby certify that I have conferred with Jimmy Rodriguez, Assistant United States Attorney, regarding the substance of Defendant's Motion to Withdraw Funds from the Registry of the Court.  Mr. Rodriguez provided the statement at paragraph 7 above as Plaintiff's position on this motion.

/s/ *Kimberli Deagen Loessin*
KIMBERLI DEAGEN LOESSIN

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2013 electronically filed the foregoing with the Clerk of the Court.  All counsel of record will be served through the Court's ECF system, and service will be accomplished through the Notice of Electronic Filing.


By:        /s/ *Kimberli Deagen Loessin*
           KIMBERLI DEAGEN LOESSIN
           Attorney for Defendant